IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY ALLEN PERRY,**

                **Plaintiff,**

      v.                              CASE NO. 18-3269-SAC

**JEFFREY O. RICHARDS, et al.,**

                **Defendants.**

## ORDER TO SHOW CAUSE

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a person held at the Franklin County Jail (FCJ). Plaintiff proceeds pro se and in forma pauperis.

### Nature of the Complaint

Plaintiff claims the defendants violated his constitutional rights by failing to provide him with access to a law library. He also claims the FCJ failed to provide him with an adequate grievance procedure. He seeks damages and injunctive relief.

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S.

89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal

claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

## Discussion

**Failure to provide adequate grievance procedures**

The Court first addresses plaintiff's claim that the FCJ failed to provide him with an adequate grievance procedure. As a prisoner, plaintiff has no constitutionally protected interest in an administrative grievance procedure. *See, e.g., Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011)("there is no independent constitutional right to state administrative grievance procedures… [n]or does the state's voluntary provision of an administrative grievance process create a liberty interest in that process."). Therefore, "[a] viable due process claim cannot rest on allegations of an unfair or inadequate grievance process." *Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017)(citing *Von Hallcy v. Clements*, 519 F. App'x 521, 524 (10th Cir. 2013)(rejecting claim that prison director violated due process by failing to provide an adequate grievance reporting system)).

Likewise, plaintiff's contention that the failure to provide an adequate grievance procedure hindered or prevented him from complying with the Prison Litigation Reform Act (PLRA) is not well-taken. The

PLRA requires a prisoner to exhaust only "such administrative remedies as are available" before commencing an action under federal law to challenge prison conditions. 42 U.S.C. §1997e(a).

**Denial of access to the courts**

Plaintiff also claims that the lack of a law library at the FCJ denied him access to the courts. It is settled that while prisoners have a constitutional right of access to the courts, they do not have a freestanding right to a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996)(citing *Bounds v. Smith*, 430 U.S. 817, 821, 838 (1977)).

To state a denial of access claim based upon a lack of legal resources, a prisoner must allege something more than that the jail law library or legal assistance program is inadequate. Rather, he "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim" causing an "actual injury." *Lewis*, 518 U.S. at 348, 350. To meet that requirement, a plaintiff must show that the denial of access to resources impaired the ability to pursue a non-frivolous claim "to vindicate basic constitutional rights." *Id*. at 351, 354-55.

Plaintiff claims that the absence of a law library at the FCJ caused the dismissal of an earlier civil rights filing in this court in Case No. 18-3214-SAC, *Perry v. Woods.* The Court takes notice first, that its initial order to show cause in that matter explained that *Younger* abstention was appropriate due to the criminal actions against plaintiff at the time, and second, that the action was dismissed without prejudice after mail to plaintiff was returned as undeliverable. Neither factor reasonably suggests that plaintiff's constitutional rights were impaired by the lack of legal resources.

Plaintiff claims that he required access to a law library because he proceeded pro se in the two criminal actions in Franklin County. However, the Court has examined on-line records maintained by the Kansas Office of Judicial Administration[1] and notes that it appears that plaintiff was represented by counsel in those actions. It is settled that "providing legal counsel is a constitutionally acceptable alternative to a prisoner's demand to access a law library." *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999)(citing *Lewis*, 518 U.S. at 350-51).

**Compensatory damages are barred**

Finally, plaintiff's claim for compensatory damages is barred by the Prison Litigation Reform Act, which includes, in relevant part, the provision that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

## Order to Show Cause

For the reasons stated, the Court directs plaintiff to show cause why this matter should not be dismissed for failure to state a claim for relief. The failure to file a timely response may result in the dismissal of this matter on that ground without additional notice to plaintiff.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff shall show cause on or before **October 21, 2019,** why this matter should not be dismissed for failure to state a claim for relief.

---

[1] *See* www.kansas.gov/countyCourts/search/records. The relevant state court records are Case No. 2018-CR-000080 and Case No. 2018-CR-000095, both filed in the District Court of Franklin County, Kansas. The records show that Case No. 2018-CR-00095 was dismissed by the State, and Case No. 2018-CR-00080 was resolved by plaintiff's entry of a plea.

**IT IS SO ORDERED.**

DATED:  This 20th day of September, 2019, at Topeka, Kansas.


                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge